UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY, JR.
(CDCR # F73521),

Plaintiff,

v.

A. LEAL, Oakland Police Officer; et al.,

Defendants.

No. C 11-5550 SI (pr)

**ORDER TO SHOW CAUSE RE. STATUTE OF LIMITATIONS PROBLEM**

## INTRODUCTION

Edward Vincent Ray, Jr., a California inmate currently housed at a prison in Tutwiler, Mississippi, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining of acts and omissions that occurred in 2006. The court will require Ray to address the apparent untimeliness of the complaint before considering whether the action should proceed any further.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Ray's complaint was signed on October 26, 2011, came to the court in an envelope with an October 27, 2011 postmark, and was stamped "filed" on November 17, 2011. In his complaint, Ray alleges that Oakland police officers used excessive force when they arrested him on August 27, 2006.

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than four years after the acts and omissions alleged

in the complaint occurred.

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1. If he was not released from custody during pretrial proceedings, Ray most likely would receive tolling for the disability of imprisonment because he is now in prison serving a prison term of less than life. *See Ray v. Cate*, Case No. C 10-1582 SI (habeas action).

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

The claims appear on the face of the complaint to be time-barred because the acts and omissions giving rise to the claims took place on or about August 27, 2006, more than four years before this action was filed in June 2011. Ray will be required to file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, Ray is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar this action.

**CONCLUSION**

The complaint appears to be time-barred. Ray must file a written response showing cause why this action should not be dismissed as barred by the statute of limitations. Ray's response must be filed no later than **April 30, 2012**. Failure to file the response by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: March 20, 2012

                                         SUSAN ILLSTON
                                         United States District Judge